IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSHUA RICHARD GRIFFIN | ) | CASE NO. |
| 3827 Bassett Road | ) | |
| Rootstown, OH 44272 | ) | JUDGE _____ |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | |
| | ) | C O M P L A I N T |
| SUMMIT COUNTY | ) | |
| Office of County Executive | ) | Type:  Section 1983 Claims; |
| 175 South Main Street | ) |           Defamation |
| Akron, OH 44308 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DREW ALEXANDER | ) | <u>Jury Demand Endorsed Hereon</u> |
| Summit County Sheriff | ) | |
| 53 University Avenue | ) | |
| Akron, OH 44308 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| KEITH THORNTON | ) | |
| Summit County Sheriff's Department | ) | |
| 53 University Avenue | ) | |
| Akron, OH 44308 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| LARRY BROWN | ) | |
| Summit County Sheriff's Department | ) | |
| 53 University Avenue | ) | |
| Akron, OH 44308 | ) | |
| | ) | |

| | |
|---|---|
| and | ) |
| | ) |
| JOHN DOE I | ) |
| Name and Address Unknown | ) |
| | ) |
| and | ) |
| | ) |
| JOHN DOE II | ) |
| Name and Address Unknown | ) |
| | ) |
| Defendants | ) |

## JURISDICTIONAL STATEMENT

1. This Court has jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343. This Court has supplemental jurisdiction over Plaintiff's state law claims.

## VENUE

2. This Court is the proper venue under 28 U.S.C. §1391(b), this being the district in which the events giving rise to the Plaintiff's claims occurred with jurisdiction granted pursuant to 28 U.S.C. §1331 and §1343 in addition to the aforementioned statutory and constitutional provisions.

## STATEMENT OF FACTS

3. Plaintiff, Joshua Griffin (hereinafter Plaintiff), is a resident of Summit County, Ohio at the time of the incident which is the subject of this litigation.

4. Defendant, Summit County, is a political subdivision in the State of Ohio with various public entities under its direction, including the Summit County Sheriff's Department which, at all times relevant hereto, employed Defendants, Drew Alexander and Keith Thornton.

5. Summit County Sheriff's Department (hereinafter Summit County) is an entity authorized under state law to engage in law enforcement in Summit County, Ohio.

6. Defendant, Drew Alexander (hereinafter Alexander), is the elected and acting sheriff of Summit County, and, at all times referenced herein, was acting under color of state law and in his official capacity as the Sheriff of Summit County.

7. Defendant, Keith Thornton (hereinafter Thornton), is an investigator employed by the Summit County Sheriff's Department and, at all times herein, was acting under color of state law and in his official capacity as investigator for the Summit County Sheriff's Department.

8. Defendant, Larry Brown (hereinafter Brown), is a Summit County Sheriff's deputy and employee of Summit County, and, at all times herein, was acting under color of state law and in his official capacity as Sheriff's deputy for the Summit County Sheriff's Department.

9. At all times referenced herein, Alexander, Thornton and Brown, held positions of authority within the Sheriff's Department and Summit County thus such that their actions and decisions constituted the customs and/or policies of Summit County.

10. Defendants, John Doe I, and John Doe II, are persons or entities who are or may be liable to the Plaintiff.  The Plaintiff has not, with the exercise of reasonable diligence, been able to discover the true identity of either of these unknown Defendants.

11. On and before August 20, 2006, Plaintiff was an employee of the Summit County Sheriff's Department. He held the position of deputy.

12. On August 20, 2006, an individual by the name of Mark McCullaugh was an inmate in the Summit County Jail. McCullaugh died in the Summit County Jail on August 20, 2006, following a struggle with several Summit County Sheriff's deputies in his cell.

13. On or around October 1, 2007, five Summit County Sheriff's deputies were indicted by a Summit County Grand Jury in McCullaugh's death. Indicted were Deputies Steven Krendick, Brett Hadley, Brian Pollinger, Mark Mayer and Dominic Martucci.

14. Plaintiff was a witness to some of the aforementioned struggle involving McCullaugh and was involved in some of the efforts to subdue McCullaugh.

15. Because he was a witness, Plaintiff was required to give testimony in various forms to different individuals and/or entities during legal proceedings stemming from McCullaugh's death. These proceedings included a Summit County Grand Jury, a Summit County bench trial, a deposition and part of the civil case, and statements to the Ohio Bureau of Criminal Investigation.

16. As a result of McCullaugh's death, Summit County, on behalf of the Summit County Sheriff's Department, settled the aforementioned civil case by paying Mark McCullaugh's estate in excess of $800,000 (United States District Court for the Northern District of Ohio, Eastern Division, Case No. 5:07CV2341).

17. As a result of Plaintiff's testimony, some of which was detrimental to the Summit County Sheriff's Department and its deputies in both the criminal and civil legal contexts, Summit County and its officials, Alexander, Thornton and Brown, began a pattern of retaliatory conduct towards Plaintiff.

18. This retaliatory conduct included firing Plaintiff from his job as a Sheriff's deputy. Plaintiff was subsequently reinstated by James M. Mancini, an impartial arbitrator appointed in accordance with the Collective Bargaining Agreement in place between the Fraternal Order of Police, Ohio Labor Council, Inc. and the Summit County Sheriff's Department.

19. Unsatisfied with Plaintiff's reinstatement, as well as some of his testimony about the McCullaugh incident, Alexander, Thornton and Brown, on behalf of Summit County, continued to engage in a pattern of activity aimed at retaliating against Plaintiff. This pattern of retaliation included, but was not limited to, the filing and pursuit of felony and misdemeanor charges of perjury against Plaintiff, and subsequently suspending and terminating him again from the Sheriff's Department.

20. Unable to find a prosecutor to pursue the perjury charges, Summit County, through the Summit County Sheriff's Department, Alexander, Thornton and Brown, convened a hearing in front of Visiting Akron Municipal Judge Michael Weigand without a prosecutor. This hearing was convened as a result of an affidavit signed by Defendant Brown.

21. In order to present these claims to a grand jury, Alexander, Thornton and the Sheriff's Department again required the assistance of a prosecutor. These Defendants requested assistance from several prosecuting agencies local and statewide.

22. The Summit County Prosecutor's office declined to pursue the charges against Plaintiff on behalf of Summit County.

23. The Special Prosecutions Division of the Ohio Attorney General's office declined to pursue the charges against Plaintiff on behalf of Summit County.

24. The Portage County Prosecutor's office declined to pursue the charges against Plaintiff on behalf of Summit County.

25. The Medina County Prosecutor's office declined to pursue the charges against Plaintiff on behalf of Summit County.

26. Erie County Prosecutor Kevin Baxter presented the aforementioned charges to a Summit County Grand Jury. The Grand Jury refused to indict Plaintiff and returned a no-bill.

27. Following the no-bill, and consistent with his pattern of retaliation, Alexander, on behalf of the Summit County, filed a grievance against Kevin Baxter with the Ohio Supreme Court, claiming that Baxter inadequately presented the charges against the Plaintiff to the Summit County Grand Jury.

28. The Ohio Supreme Court dismissed Alexander's grievance.

## FIRST CLAIM FOR RELIEF

29. The Plaintiff restates all of the allegations set forth in the previous paragraphs if the same were fully rewritten here.

6

30. At all times relevant hereto, Alexander and Thornton maliciously instituted the perjury charges against the Plaintiff, with lack of probable cause, with such charges being terminated in favor of the Plaintiff.

31. At all times relevant hereto, Alexander, Thornton and Brown were acting under color of state law as defined in 42 U.S.C. §1983. Alexander, Thornton and Brown, while acting under the color of state law, deprived the Plaintiff of its constitutional rights to be secure and free from unreasonable arrests and seizures, which are guaranteed under the Fourth Amendment and made applicable to the states through the Fourteenth Amendment; and have deprived him of the privileges and immunities of the citizens of the United States; and deprived him of liberty without due process of law, guaranteed under the Fourteenth Amendment.

32. Summit County is liable to the Plaintiff in that Alexander, Thornton and Brown occupied positions of authority such that their conduct and decisions as discussed herein constituted a persistent custom policy and pattern of unconstitutional conduct aimed at the Plaintiff.

33. Further, Summit County exercised deliberate indifference and/or tacit authorization by allowing Alexander, Thornton and Brown to engage in the custom and pattern of retaliatory conduct aimed at Plaintiff as discussed herein.

34. As a direct and proximate result of the conduct of Alexander, Thornton and Brown, the Plaintiff was subject to violations of his constitutional rights resulting in physical and emotional trauma, embarrassment, humiliation, and forced him to incur legal and other economic damages he otherwise would not have incurred.

## SECOND CLAIM FOR RELIEF

35. The Plaintiff restates all of the allegations set forth in the previous paragraphs if the same were fully rewritten here.

36. Plaintiff further states that Defendant Alexander has defamed the Plaintiff in that Alexander negligently and/or intentionally made defamatory and false statements about the Plaintiff, without privilege, to third parties which have caused harm to the Plaintiff.

37. As a direct and proximate result of Alexander's defamatory conduct, the Plaintiff has suffered the damages as discussed above.

## THIRD CLAIM FOR RELIEF

38. The Plaintiff restates all of the allegations set forth in the previous paragraphs if the same were fully rewritten here.

39. Plaintiff further states that the conduct of Alexander, Thornton and Brown, and for which Summit County is liable, was done with malice and reckless indifference to the constitutional rights of the Plaintiff, justifying the imposition of punitive damages.

WHEREFORE, the Plaintiff demands judgment against the Defendants jointly and severally for compensatory damages in the amount in excess of $25,000 and punitive damages in the amount of $25,000.

Respectfully submitted,


s/ John T. Scanlon
JOHN T. SCANLON [0064169]
THE SCANLON GROUP CO., L.P.A.
50 South Main Street, Suite 504
Akron, OH 44308
phone: 330-376-4558
fax: 330-376-3550
e-mail: jscanlon@scangrp.com
Attorney for Plaintiff


## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues involved in this action.


s/ John T. Scanlon
JOHN T. SCANLON [0064169]
Attorney for Plaintiff